IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

OCT 2 2 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:15cr126 |
| | ) |
| LUMBER LIQUIDATORS, INC., | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

This Plea Agreement between John C. Cruden, Assistant Attorney General of the Environment and Natural Resources Division, through Trial Attorneys Patrick Duggan and Christopher Hale; Dana J. Boente, United States Attorney for the Eastern District of Virginia, through Stephen W. Haynie, Assistant United States Attorney; the defendant, Lumber Liquidators, Inc., and the defendant's counsel, is being entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the Plea Agreement are as follows:

1. **Offenses and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to the five counts in the Criminal Information filed in the above-styled matter. Count One charges the defendant with the felony of Entry of Goods by Means of False Statements, in violation of 18 U.S.C. § 542. The maximum penalty for Count One is a fine of the greater of $500,000 or twice the gross gain or loss, a five-year term of probation, and a $400 special assessment. Counts Two, Three, and Five charge Transport of Illegally Imported Timber, which under the facts of this case, are misdemeanors under the Lacey Act, in violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(2). Count Four charges Import of Illegally Harvested Timber, which under the facts of this case, is a

1

misdemeanor under the Lacey Act, in violation of 16 U.S.C. §§ 3372(a)(2)(B)(IV), 3372(d)(2). These Lacey Act misdemeanors each carry a maximum fine of $200,000, a five-year term of probation, and a special assessment of $125. The Criminal Information also contains a Forfeiture Allegation, which is not contested by the defendant.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits to the charges and the factual assertions set forth in the stipulated Statement of Facts filed with this Plea Agreement. The defendant agrees that those facts establish guilt, beyond a reasonable doubt, of the offenses charged, and that those facts do not represent the entirety of the government's evidence against the defendant. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorneys have rendered effective assistance. The defendant understands that by entering into this Agreement, defendant surrenders certain rights. The defendant understands that the rights of criminal defendants include the following:

   a. the right to plead not guilty and to persist in that plea;

   b. the right to a jury trial;

   c. the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and at every other stage of the proceedings; and



d. the right at trial to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Sentencing Guidelines**

The defendant understands that the Court has the jurisdiction and final authority to impose the sentence. In this Plea Agreement, the parties have agreed and stipulated to specific aspects of the sentence, *e.g.*, criminal fine, length and conditions of probation, Environmental Compliance Plan, forfeiture, and community service payments. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court can elect to accept the stipulated sentence as a whole or reject the proposed sentence as a whole, but the Court cannot modify the proposed sentence's terms without the mutual consent of the parties. If the Court rejects this Plea Agreement, it is further agreed that the defendant may withdraw its guilty plea. If the Court rejects the Plea Agreement, the government would be permitted to withdraw from the Plea Agreement.

The parties agree that the 2015 U.S. Sentencing Commission Guidelines Manual will be used in this case. The parties further agree that the provisions of Chapter 8 of the Guidelines Manual, which pertain to fines imposed on corporate defendants, such as the defendant, do not apply to environmental offenses. *See* USSG §8C2.1 and USSG §8C2.10. The parties agree that the remaining provisions of Chapter 8 of the Guidelines Manual, including community service and probation, apply to the defendant. *See* USSG §8B1.3; *see also* 18 U.S.C. § 3563(b)(12) (community service as part of a criminal sentence).

5. **The Sentence**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate disposition of the case is as follows:

3



a. **Criminal Fine**

Pursuant to the Alternative Fines Act, 18 U.S.C. § 3571(d), the defendant shall pay a criminal fine of $7,800,000. For purposes of this Plea Agreement only, the parties stipulate that the gross gain (identical to the gross loss) was $4,600,000. The fine is due and payable according to the following phased payment schedule: (1) $4,000,000 due at sentencing, (2) $2,000,000 due within 12 months of sentencing, and (3) any outstanding balance due within 24 months of sentencing. Pursuant to 16 U.S.C. § 3375(d), the entire fine shall be directed to the Lacey Act Reward Fund at the following address: Lacey Act Reward Fund, USFWS, Cost Accounting Section, P.O. Box 272065, Denver, CO 80227-9060, with the note "Case No. 2012803149."

b. **Community Service Payments**

Within 72 hours of sentencing, the defendant shall make two community service payments, totaling $1,230,825. Defendant shall not seek or accept any tax offset or reduction for the community service payments, nor shall the defendant seek any marketing, advertising, or public relations benefit from the payments. Unless otherwise ordered by the Court, payment shall be made by cashier's or certified check, and the defendant shall file a Notice of Proof of Payment with the Court within five days of sentencing. The payments are as follows:

1. <u>National Fish and Wildlife Foundation ("NFWF")</u>. The defendant shall make a one-time payment of $880,825 to the National Fish and Wildlife Foundation. NFWF is a congressionally-chartered nonprofit organization, established by 16 U.S.C. §§ 3701-3710, for the purpose of furthering the conservation and management of fish, wildlife, plants, and other natural resources. The payment to NFWF shall be sent to the following address: National Fish and Wildlife Foundation, Attn: Chief Financial Officer, 1133 15th Street NW, Suite 1100,



Washington, DC 20005, with the case number specified in the note field of the check. NFWF shall exclusively utilize the $880,825 payment for two separate projects, as follows:

    A. *NFWF Project 1 - Timber Identification Technology.* $500,000 to fund one or more projects designed for the development, testing, training, ground-truthing, experimentation, and/or employment of electronic wood identification devices, that identify the genus and species - and if possible, country of origin - of timber and wood products in a non-laboratory setting. Priority shall be given to development of cost-effective ID devices that can be utilized in field inspection, enforcement, or border interdiction scenarios with a high degree of accuracy and precision,

    B. *NFWF Project 2 - Amur Leopard Conservation.* $380,825 to fund one or more projects designed to further research and conservation efforts aimed at protecting, restoring, and rehabilitating wild Amur leopards and their habitat.

2. <u>Rhinoceros and Tiger Conservation Fund.</u> The defendant shall make a one-time payment of $350,000 to the USFWS Rhinoceros and Tiger Conservation Fund at the following address: Rhinoceros and Tiger Conservation Fund, USFWS, Division of International Conservation, Budget Analyst-Program Support, 5275 Leesburg Pike, MS: IA, Falls Church, VA 22041-3803 with the case number and "*Panthera tigris altaica*" in the note of the check. The Fund was established pursuant to the Rhinoceros and Tiger Conservation Act of 1994, 16 U.S.C. §§ 5304 and 5305, to promote and fund projects for the international conservation of tigers. The payment shall be used exclusively for research and conservation efforts aimed at protecting, restoring, and rehabilitating wild tigers (with highest priority given to the *altaica* subspecies) and their habitat.



3. <u>Conditions.</u> NFWF and the Rhinoceros and Tiger Conservation Fund shall obligate one quarter of the respective community service payments within 12 months of sentencing; the funds shall be fully obligated by no later than 24 months of sentencing. Projects shall be designed so that funding will be fully expended by no later than 60 months of sentencing. NFWF and the Rhinoceros and Tiger Conservation Fund shall separately be required to prepare and provide to the parties and the U.S. probation office annual reports detailing expenditures, goals, progress, results, and future plans.

**6. <u>Probation and Environmental Compliance Plan</u>**

The defendant shall be sentenced to a probation term of five years. In addition to whatever probation conditions might be imposed by the Court, the defendant shall be subject to the following Special Conditions of Probation[1]:

   a. **Special Condition No. 1**

At its own expense and at no expense to the Government, the defendant shall implement an Environmental Compliance Plan ("ECP"), attached as Exhibit A, and incorporated herein. The defendant shall fully implement the ECP within three months of the date of sentencing. In the sole and exclusive discretion of the Government[2], if the Government determines that the defendant has not fully implemented the ECP within three months, the defendant shall cease the importation of hardwood flooring until the Government determines that the ECP has been fully and satisfactorily implemented. Without prejudice to the foregoing, in the sole and exclusive

---

[1] Lumber Liquidators, Inc. agrees that these Special Conditions apply to its subsidiary companies and in turn to their subsidiary and/or directly affiliated business entities. Through separate documents, the Lumber Liquidators Holdings, Inc., Board of Directors Consent Resolution, (Exhibit C-2) and the Guaranty (Exhibit D), the defendant's parent company, Lumber Liquidators Holdings, Inc., agrees that it and its direct and indirect subsidiaries and business units are bound by the terms of these Special Conditions as if they were named defendants in this case.

[2] For the purposes of these Special Conditions, "Government" means the Environmental Crimes Section of the U.S. Department of Justice.



discretion of the Government, and with the mutual written consent of the defendant and the U.S. Probation Office, the implementation date of the ECP may be modified or extended.

    b. **Special Condition No. 2**

During the first four years of probation, the defendant shall engage an outside accounting and/or environmental consulting firm to conduct three audits of all aspects of its compliance with both the (i) ECP and (ii) plant declaration, transportation, and importation requirements and prohibitions set forth in the Lacey Act, 16 U.S.C. § 3372(a), (d) & (f). The auditors shall generate a written report of their findings and recommendations. The reports are due within 18 months, 35 months, and 48 months of sentencing. Each report shall be transmitted to the Government and the Probation Office. At the Government's or Probation Office's exclusive and separate options, the defendant shall conduct an additional audit that covers year 5 of the probation term. The above audits shall be at no cost to the Government or the Probation Office.

7. **<u>Forfeiture</u>**

Pursuant to 31 U.S.C. § 9703, upon sentencing, the defendant agrees to forfeit and pay $969,175, which represents proceeds and substitute assets (cash) of 385.38 $m^3$ of Mongolian oak (*Quercus mongolica*) flooring imported into the United States between February 1, 2013, and August 30, 2013, to the United States, more specifically to "Customs and Border Protection," and to send the money to the U.S. Attorney's Office, Asset Forfeiture Unit, 101 West Main Street, Suite 8000, Norfolk, Virginia 23150. The parties further agree that this sum will be paid at or prior to sentencing in this matter. *See* numbered paragraphs 12 and 13 *infra* for additional detail. The defendant agrees to execute the attached Consent Order of Forfeiture, attached hereto as Exhibit B.



**8. Special Assessment**

Pursuant to 18 U.S.C. § 3013(a), the defendant agrees to pay a mandatory special assessment of $900. The special assessment is due at sentencing.

**9. Restitution**

For the purposes of this Plea Agreement only, the parties agree that the Court should not order restitution.

**10. Limited Immunity from Further Prosecution**

This Plea Agreement is only binding on the Environmental Crimes Section of the Environment and Natural Resources Division of the U.S. Department of Justice and the U.S. Attorney's Office for the Eastern District of Virginia. This Plea Agreement does not bind any other federal, state, or local prosecuting authority, nor does it bind or preclude cases or proceedings brought by any governmental entity with regard to tax, civil, or administrative penalties and remedies. In exchange for the defendant pleading guilty and complying with all the terms of this Plea Agreement and the imposed sentence, the Environmental Crimes Section and the U.S. Attorney's Office agree not to initiate or pursue additional criminal charges arising from activities that occurred up to the date of the signing of this Agreement related to the illegal harvest of timber, false statements made on Lacey Act Declarations, or other false statements as to timber harvest legality, location, or species. This limited immunity only applies to the defendant corporation, to wit: Lumber Liquidators, Inc., and to its subsidiary companies and in turn to their subsidiary and/or directly affiliated business entities, but not to any individuals. In addition, this limited immunity shall not bar the U.S. Attorney's Office or other governmental entities from initiating and pursuing criminal charges against the defendant for any other



violation of law not explicitly identified above, including but not limited to mail fraud, wire fraud, and securities fraud not related to timber harvest legality, location, or species. Without prejudice to the foregoing, the two governmental parties to this Plea Agreement agree that, upon the defendant's full compliance with the terms of the Plea Agreement and the sentence imposed by the Court, Lumber Liquidators, Inc. will have accepted responsibility for the conduct set forth in the Criminal Information and that the governmental parties would make that fact known to any other appropriate governmental entity upon request of Lumber Liquidators, Inc.

## 11. Collateral Licensing Consequences

The defendant acknowledges that pleading guilty to these charges may have consequences with regard to its ability to maintain and/or obtain governmental licenses and certifications, *e.g.*, import permits and business licenses. The defendant further acknowledges that although it has agreed to comport itself pursuant to a stipulated Environmental Compliance Plan, state and federal agencies could legally and independently suspend, revoke, or withhold the issuance of permits or licenses based on the administrative and regulatory authority of those agencies. Nevertheless, the defendant affirms that it desires to plead guilty regardless of any licensing and certification consequences that may result from its guilty plea. The government agrees that, if requested to do so, it will advise any appropriate authority that, in the government's view, the defendant has accepted responsibility for its conduct.

## 12. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. As described in paragraph 7, the defendant agrees to forfeit any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the crime charged in Count One including, but not limited to, the following specific property: the amount of at least $969,175 which represents the proceeds of the offense charged in Count One. The defendant understands that if proceeds of the offense are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds or forfeit substitute assets. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006). The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and stipulated Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the federal government. The defendant shall execute the Consent Order of Forfeiture no later than ten days prior to the sentencing hearing.

In addition to and apart from the criminal forfeiture described herein, the defendant admits to the allegations contained in the verified Complaint in the companion in rem civil forfeiture case, *United States v. $3,155,000.00 Res in lieu of 2,129,242 Square Feet of Assorted Birch Hardwood Flooring and 242,717 Square Feet of Assorted Oak Hardwood Flooring* (Case No. 2:15-cv-<u>446</u>), and the defendant agrees to execute and comply with the Stipulation for



Settlement and Joint Motion for Entry of Consent Order of Forfeiture and the Stipulated Consent Judgment and Order of Forfeiture in that case.

## 13. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct and substitute assets for property otherwise subject to forfeiture.

## 14. Breach of the Plea Agreement and Remedies

This Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this Agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this Agreement, then:

11

a. The United States will be released from its obligations under this Agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this Agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this Agreement is signed; and

c. Any prosecution, including the prosecution that is the subject of this Agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the stipulated Statement of Facts accompanying this Agreement or adopted by the defendant and any other statements made pursuant to this or any other Agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this Agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

15. **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this Plea Agreement. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also agrees not to collaterally challenge its conviction. Nevertheless, the defendant may bring a post-conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. The defendant also hereby waives all rights, whether asserted directly or by a representative or corporate affiliate, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 16. Corporate Resolution

Contemporaneous with the execution of this Plea Agreement, the defendant has provided the United States with a corporate resolution, attached hereto as Exhibit C-1, (a) identifying the corporate representative, (b) authorizing the entry of the guilty plea, including the completion and signing of related exhibits, court forms, and paperwork, (c) acknowledging the financial obligations as to fine, community service, forfeiture, and special assessment, (d) pledging to make timely payments under the terms of the Plea Agreement, (e) binding Lumber Liquidators, Inc. and its direct and indirect subsidiaries and business units to the obligations and terms herein,

and (e) warranting that the resolution was in accordance with corporate formalities, company bylaws, and the applicable laws of the State of Virginia.

### 17. Organizational Changes

The defendant shall not, through a change of name, business reorganization, bankruptcy, insolvency, receivership, sale or purchase of assets, divestiture of assets, or similar action, seek to avoid the obligations and terms set forth in this Plea Agreement. This Agreement, together will all of the obligations and terms hereof, shall inure to the benefit of and shall bind partners, assignees, successors-in-interest, or transferees of the defendant.

### 18. Nature of the Agreement and Modifications

This written agreement constitutes the complete Plea Agreement between the government, the defendant, and the defendant's counsel. The defendant agrees that the obligations and terms of this agreement shall apply to all direct and indirect subsidiaries of the defendant, as well as any direct or indirect subsidiaries subsequently formed. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement, including the stipulated Statement of Facts, Environmental Compliance Plan (Exhibit A), Consent Order of Forfeiture (Exhibit B), and Guaranty of Lumber Liquidators Holdings, Inc. (Exhibit D), and the Stipulation for Settlement and Joint Motion for Entry of Consent Order of Forfeiture in Case No. 2:15cr     , to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised Plea Agreement signed by all parties.

ON BEHALF OF THE UNITED STATES:

John C. Cruden
Assistant Attorney General of the Environment
and Natural Resources Division

By: _____
Patrick M. Duggan, Trial Attorney
Christopher L. Hale, Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

Dana J. Boente
United States Attorney
Eastern District of Virginia

By: _____
Stephen W. Haynie
Assistant United States Attorney
Eastern District of Virginia

Defendant's Signature: I hold the title of Chief Compliance and Legal Officer at the defendant corporation, and I am the authorized representative of the defendant corporation. I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Criminal Information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in this case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Agreement and voluntarily agree to it on behalf of the defendant.

Date: Oct. 7, 2015          _____
                            Jill Witter
                            Corporate Representative for
                            Lumber Liquidators, Inc.

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Criminal Information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Agreement is an informed and voluntary one.

Date: Oct. 7, 2015          _____
                            Patrick R. Hanes, Williams Mullen
                            Charles E. James, Jr., Williams Mullen, PC
                            Andrew O. Mathews, Williams Mullen, PC
                            Bruce A. Baird, Covington & Burling, LLP
                            Counsel for the Defendant

15

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | Lumber Liquidators, Inc. |
| PAY THIS AMOUNT: | |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| Alexandria cases: | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| Richmond cases: | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 | |
| Newport News cases: | Clerk, U.S. District Court<br>2400 West Ave, Ste 100<br>Newport News, VA 23607 | |
| Norfolk cases: | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT**

