FILED
IN OPEN COURT

OCT 2 2 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

THIS GUARANTY AGREEMENT ("Guaranty"), dated as of _october 7th_, 2015, ("Effective Date"), is issued and delivered by Lumber Liquidators Holdings, Inc., a Delaware corporation (the "LL Guarantor"), for the account of Lumber Liquidators, Inc., a Delaware corporation (the "Obligor"), and 2:15cr126 for the benefit of the United States of America, by and through the Environmental Crimes Section of the United States Department of Justice and the United States Attorney for the Eastern District of Virginia, and all other payees described under the Plea Agreement (as defined below) (collectively referred to herein as the "Government Beneficiary") (LL Guarantor, Obligor, Government Beneficiary and Subsidiaries (as defined below) are collectively referred to herein as the "Parties").

### Background Statement

WHEREAS the Government Beneficiary and the Obligor, have entered into a Plea Agreement dated as of _oct. 7th_, 2015 (the "Plea Agreement"), attached as Exhibit A, and incorporated by reference herein, wherein the Obligor promises to make certain payments and perform certain obligations;

WHEREAS the Government Beneficiary has required that the LL Guarantor deliver to the Government Beneficiary this Guaranty as an inducement for the Government Beneficiary to enter into the Plea Agreement with the Obligor;

WHEREAS the LL Guarantor holds several wholly-owned subsidiary companies including; the Obligor; Lumber Liquidators Leasing, LLC, a Delaware limited liability company; Lumber Liquidators Services, LLC, a Delaware limited liability company; Lumber Liquidators Production, LLC, a Delaware limited liability company; the Chinese Representative Office, a Business Unit of LL Leasing based in Shanghai, China; Lumber Liquidators Foreign Holdings, LLC, a Delaware limited liability company; Lumber Liquidators Foreign Operations, LLC, a Delaware limited liability company, Lumber Liquidators Canada, Inc., a Nova Scotia corporation; Lumber Liquidators Hong Kong Limited, a Hong Kong Limited Company; and Lumber Liquidators Trading (Shanghai), Co., Ltd., a Wholly Owned Foreign Enterprise based in Shanghai, China (referred to individually or collectively as a "Subsidiary" or the "Subsidiaries");

WHEREAS the LL Guarantor, in its capacity as the parent of the Obligor and each Subsidiary, agrees to guarantee those payments and those certain performance obligations as set forth in this Guaranty and the Plea Agreement.

### Guaranty

NOW, THEREFORE, in consideration of the foregoing and for good and valuable consideration, the LL Guarantor hereby agrees as follows:

1. Payment Guaranty. The LL Guarantor absolutely and unconditionally guarantees the timely payment of those payment obligations of the Obligor under the Plea Agreement as follows: the payment of criminal fines, community-service payments, forfeiture payments, and special assessments.

2. Performance Guaranty. The LL Guarantor guarantees the Obligor's performance of the terms of the Plea Agreement, as more fully described in the Plea Agreement, including but not limited to:

- Performance of the obligations of the Obligor under Special Condition 1 (the Environmental Compliance Plan or the "ECP") and Special Condition 2 of the Plea Agreement ("auditing"), as more fully described in the Plea Agreement; and

<u>GUARANTY AGREEMENT</u>

- Compliance with the ECP and auditing, as more fully described in the Plea Agreement, by all Subsidiaries.

The LL Guarantor's payment and performance obligations as described in Paragraphs 1 and 2 and more fully described in the Plea Agreement are the "<u>Guaranteed Obligations</u>."

The LL Guarantor's obligation in the event of a failure to perform by the Obligor or any Subsidiaries may be fulfilled by providing payment for the amounts owed, by retaining a qualified third party to perform such obligation and providing payment of the performance of such obligation, and/or otherwise by causing performance of such obligation as more fully described herein at Paragraph 16, "<u>Demand for Payment or Performance: Resolution of Disputes</u>."

3.    <u>Nature of Payment Guaranty</u>.  The Guaranty set forth in Paragraph 1 of this Guaranty constitutes a guaranty of payment by LL Guarantor of the full amount owed by the Obligor for the criminal fine, community-service payments, forfeiture payments, and special assessments, as set forth in the Plea Agreement and the related Judgments to be entered (the "Plea Agreement Amount"), and shall not be affected by any event, occurrence or circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor or surety (other than full and complete payment of the Plea Agreement Amount and the related Judgments to be entered).  In the event that any payment by the Obligor pursuant to the Plea Agreement and the related Judgments to be entered is rescinded or must otherwise be returned by virtue of any action by any bankruptcy court, the LL Guarantor shall remain liable hereunder with respect to such Plea Agreement Amounts as if payment had not been made.  The LL Guarantor agrees that the Government Beneficiary may resort to LL Guarantor for payment of any of the Plea Agreement Amount, without regard to whether the Government Beneficiary shall have proceeded against any other person or entity primarily or secondarily obligated with respect to any of the Plea Agreement Amount.

4.    <u>Effect of Amendments</u>.  If the U.S. District Court for the Eastern District of Virginia amends any term of the Plea Agreement (including but not limited to the ECP) or related Judgments, and that amendment in any way affects the Guaranteed Obligations, the Parties agree as follows:

- If the Obligor consents to the change, the LL Guarantor shall remain bound to perform the Guaranteed Obligations, as described in any amended Plea Agreement, Judgments or amended compliance plan.

- If the Obligor concludes that the amendment is a material change and objects to the change, the Parties agree that the Obligor shall provide notice of the change to the LL Guarantor and that the LL Guarantor shall have a right to either object or assent to the change within ten business days of such notice.   Such objection or assent shall be in writing and provided to the Government Beneficiary and the Court

- If, after receipt of notice of the alleged material change as set forth above, the LL Guarantor assents to the change, the LL Guarantor shall remain bound to perform the Guaranteed Obligations as amended.

- If the LL Guarantor objects, the LL Guarantor shall be permitted to participate in any hearing or proceeding on the proposed amendment.  The LL Guarantor, however, will only be able to object to the financial burden of the amendment (either in terms of fine or performance), and not whether the amendment is warranted or reasonable, a decision committed to the discretion of the District Court. If the Court concludes that the financial burden of the amendment is not material, the LL Guarantor shall remain bound to perform the Guaranteed Obligations, as described in any amended Plea Agreement, Judgments or amended compliance plan(s).  If the

2

<u>GUARANTY AGREEMENT</u>

Court concludes that the increased financial burden is in fact material, the LL Guarantor shall not be bound to perform the portion of the amended obligation(s) that exceeds the original guaranteed Obligations. The LL Guarantor shall remain bound to perform all other Guaranteed Obligations.

5.    <u>Limitation</u>. Notwithstanding any other provision in this Guaranty, the Parties agree that the LL Guarantor guarantees payment and/or performance to the same extent that such payment and/or performance would be required of the Obligor pursuant to the Plea Agreement and that the LL Guarantor reserves any defenses that the Obligor could invoke pursuant to the Plea Agreement. The Parties further agree that, notwithstanding any other provision in this Guaranty, the LL Guarantor shall not be liable for consequential damages or indirect loss.

6.    <u>Acceleration.</u> The LL Guarantor agrees that, within ten business days of receipt of written notice from the Government Beneficiary that the Obligor has failed to make any payment of the Plea Agreement Amounts, the LL Guarantor will be obligated to pay in full the Plea Agreement Amounts then due. The LL Guarantor understands that the failure to adhere fully to the terms of this paragraph would be a material breach of this Guaranty Agreement. In the event of a default in payment of the Plea Agreement Amounts, interest will accrue on the amount due balance at a rate of 10 percent per annum compounded daily from the date of default.

7.    <u>No Waiver; Cumulative Rights</u>. No failure on the part of the Government Beneficiary to exercise, and no delay in exercising, any right, remedy or power hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by the Government Beneficiary of any right, remedy or power hereunder preclude any other or future exercise of any right, remedy or power. Each and every right, remedy and power hereby granted to the Government Beneficiary or allowed by law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by the Government Beneficiary from time to time.

8.    <u>Effective Date</u>. This Guaranty  shall become effective on the date the Court accepts the guilty plea of the Obligor, sentences are imposed, and the Judgments are entered.

9.    <u>Subrogation</u>. The LL Guarantor shall not exercise any subrogation rights it may acquire against the Obligor or any Subsidiaries as a result of this Guaranty until all of the Plea Agreement Amounts have been paid in full to the Government Beneficiary. The Parties agree, however, that nothing in this Guaranty shall prevent the LL Guarantor from bringing any claims or exercising any rights or remedies against the Obligor, provided that the LL Guarantor shall meet all obligations to the Government Beneficiary under this Guaranty regardless of any claims, rights, or remedies that the LL Guarantor may have against the Obligor.

10.    <u>Severability</u>. Should any one or more provisions of this Guaranty be determined to be illegal, unenforceable, void or voidable, all other provisions shall remain in effect.

11.    <u>Miscellaneous</u>. Each signatory hereto represents and warrants that he or she is authorized to execute and deliver this Guaranty on behalf of the Party for whom he or she is purporting to act. This Guaranty may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same Guaranty.

12.    <u>Board Resolution</u>.  The LL Guarantor shall provide the Government Beneficiaries a certified copy of a resolution of the LL Guarantor's Board of Directors affirming that the LL Guarantor has authority to enter into this Guaranty and that the LL Guarantor's Board of Directors has: (1) reviewed this Guaranty and the Plea Agreement; (2) consulted with legal counsel in connection with this matter; (3) voted to authorize Guarantor to enter into this Guaranty; and (4) voted to authorize the

3

GUARANTY AGREEMENT

corporate officer(s) identified below to execute this Guaranty and to take such further steps as necessary to carry out its terms. A copy of such resolution shall be attached to this Guaranty as Exhibit B.

13.     Waiver of Rights. The LL Guarantor expressly waives (i) protest, (ii) notice of acceptance of this Guaranty by the Government Beneficiary, (iii) presentment, (iv) notice of dishonor, (v) demand for payment of any of the Guaranteed Obligations, and (vi) all other notices whatsoever other than as are provided for in this Guaranty.

14.     Primary Liability of the Guarantor. The LL Guarantor agrees that the Government Beneficiary may enforce this Guaranty without the necessity at any time of resorting to or exhausting any other security or collateral. This is a continuing Guaranty of payment and not merely of collection.

15.     Term of Guaranty. This Guaranty shall remain in full force and effect until such time as all the Guaranteed Obligations have been discharged and the terms of probation have ended, including but not limited to the Plea Agreement Amount being paid in full and the performance of the Obligors under the ECP being satisfied.

16.     Demand for Payment or Performance; Resolution of Disputes. The Government Beneficiary will provide written notice to the LL Guarantor if the Obligor defaults under the Plea Agreement. Within ten business days of the receipt of a written notice of default from the Government Beneficiary, the LL Guarantor must transmit to the Government Beneficiary any written objections to the notice of default. If the LL Guarantor fails to object within ten (10) business days of the receipt of a written notice of default, it must then pay the amounts owed or, for a default of the guaranty of performance, at its election, retain a qualified third party for the purpose of performing the Guaranteed Obligations or otherwise cause performance of the Guaranteed Obligations. If the LL Guarantor provides written objections, the Guarantor and the Government Beneficiary shall meet within seven business days of the receipt of the written objections by the Government Beneficiary to confer and attempt to resolve the dispute. If the parties are unable to resolve the dispute, within twenty business days of receipt of the written notice of default, the LL Guarantor must either institute an action within the U.S. District Court for the Eastern District of Virginia or perform the Guaranteed Obligations as requested by the Government Beneficiary.

17.     Governing Law. This Guaranty shall be governed by and construed in accordance with the laws of the State of Virginia.

18.     Jurisdiction. The LL Guarantor agrees to consent to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcing this Guaranty. The Parties further agree that any dispute or litigation concerning this Guaranty constitutes a related case to the criminal cases identified in the Plea Agreement and that, in the event that litigation is filed in the Eastern District of Virginia concerning this Guaranty, the filing Party shall designate that action as a related case.

19.     Waiver of Jury Trial. The Guarantor and the Government Beneficiary, through acceptance of this Guaranty, waive all rights to trial by jury in any action, proceeding or counterclaim arising or relating to this Guaranty.

20.     Entire Agreement; Amendments. Each Party hereto represents and warrants that this Guaranty constitutes a valid and binding agreement enforceable against each Party in accordance with its terms. This Guaranty embodies the entire guaranty agreement between the Parties. This Guaranty supersedes all previous communications, representations or agreements either verbal or written between LL Guarantor and the Government Beneficiary. This Guaranty integrates all of the terms and conditions

GUARANTY AGREEMENT

mentioned herein or incidental hereto, and supersedes all oral negotiations and prior writings in respect
to the subject matter hereof.  Subject to Paragraph 4, this Guaranty may only be amended or modified
by an instrument in writing signed by both the LL Guarantor and the Government Beneficiary.

21.     Headings.  The headings of the various Sections of this Guaranty are for convenience of
reference only and shall not modify, define or limit any of the terms or provisions hereof.

22.     No Third-Party Beneficiary.  This Guaranty is given by the Guarantor solely for the benefit
of the Government Beneficiary and is not to be relied upon by any other person or entity.

23.     Assignment.  Neither the LL Guarantor nor the Government Beneficiary may assign its
rights or obligations under this Guaranty to any person or entity without the prior written consent of the
other, which consent may not be unreasonably withheld or delayed.  Any purported assignment in
violation of this Section shall be void and without effect.

        The provisions of this Guaranty shall be binding on the Parties hereto and their successors and
assigns.  This Guaranty is to continue in full force and effect notwithstanding a change in the
composition, ownership or corporate structure of LL Guarantor.

24.     Notices and Service. Any communication, demand or notice to be given hereunder will be
duly given when delivered in writing or sent by facsimile to the LL Guarantor or to the Government
Beneficiary, as applicable, at its address as indicated below:

    If to the LL Guarantor, at:

    Lumber Liquidators Holdings, Inc.,
    3000 John Deere Road
    Toano, Virginia 23168
    Attention: Treasurer

    If to the Government Beneficiary, at:

    Department of Justice
    Environmental Crimes Section
    Post Office Box 7611
    Washington, D.C.  20044
    Facsimile No.: (202) 514-8865
    Attn.: Case Management Specialist

or such other address as the LL Guarantor or the Government Beneficiary shall from time to time
specify.

        Notice shall be deemed given (a) when received, as evidenced by signed receipt, if sent by hand
delivery, overnight courier or registered mail or (b) when received, as evidenced by transmission
confirmation report, if sent by facsimile and received on or before 4 pm local time of recipient, or (c)
the next business day, as evidenced by transmission confirmation report, if sent by facsimile and
received after 4 pm local time of recipient.

25.     Representations and Warranties.  The LL Guarantor represents and warrants to the
Government Beneficiary as of the date hereof that:

## GUARANTY AGREEMENT

a) The LL Guarantor is duly organized, validly existing and in good standing under the laws of the jurisdiction of its incorporation and has full power and legal right to execute and deliver this Guaranty and to perform the provisions of this Guaranty on its part to be performed;

b) The execution, delivery and performance of this Guaranty by the LL Guarantor have been and remain duly authorized by all necessary corporate action and do not contravene any provision of its certificate of incorporation or by-laws or any law, regulation or contractual restriction binding on it or its assets;

c) All consents, authorizations, approvals, registrations and declarations required for the due execution, delivery and performance of this Guaranty have been obtained from or, as the case may be, filed with the relevant governmental authorities having jurisdiction and remain in full force and effect, and all conditions thereof have been duly complied with and no other action by, and no notice to or filing with, any governmental authority having jurisdiction is required for such execution, delivery or performance; and

d) This Guaranty constitutes the legal, valid and binding obligation of the LL Guarantor enforceable against it in accordance with its terms, except as enforcement hereof may be limited by applicable bankruptcy, insolvency, reorganization or other similar laws affecting the enforcement of creditors' rights or by general equity principles.

**IN WITNESS WHEREOF,** the LL Guarantor has executed this Guaranty as of the day and year first above written.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

6



**GUARANTY AGREEMENT**

**LUMBER LIQUIDATORS HOLDINGS, INC. (LL GUARANTOR)**

SO AGREED, THIS 7th DAY OF October, 2015.

BY: _____
Jill Witter
Corporate Representative for
Lumber Liquidators Holdings, Inc.

_____
Patrick R. Hanes, Williams Mullen, PC
Charles E. James, Jr., Williams Mullen, PC
Andrew O. Mathews, Williams Mullen, PC
Bruce A. Baird, Covington & Burling, LLP
Counsel for Lumber Liquidators Holdings, Inc.

Corporate Seal

Corporate Acknowledgment

## GUARANTY AGREEMENT

### UNITED STATES GOVERNMENT (GOVERNMENT BENEFICIARY)

SO AGREED, THIS ___7th___ DAY OF __October__ , 2015.


John C. Cruden
Assistant Attorney General of the Environment
and Natural Resources Division

By:

Patrick M. Duggan, Trial Attorney
Christopher L. Hale, Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

Dana J. Boente
United States Attorney
Eastern District of Virginia

By:

Stephen W. Haynie
Assistant United States Attorney
Eastern District of Virginia