UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
IN OPEN COURT

OCT 2 2 2015

CLERK, U.S. DISTRICT COURT
     NORFOLK, VA
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:15 cr 126 |
| ) | |
| LUMBER LIQUIDATORS, INC., ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER OF FORFEITURE

BASED UPON the Plea Agreement entered into between the United States of America and the defendant, Lumber Liquidators, Inc., the Stipulated Statement of Facts, the stipulations set forth below, and finding that there is the requisite nexus between the property listed below and Count One of the Criminal Information to which the defendant has pleaded guilty, and that the defendant has an interest in said property, IT IS HEREBY ORDERED:

1. That pursuant to 18 U.S.C. §§ 981(a)(2)(A), 982(a)(2)(B), 28 U.S.C. § 2461(c), and 31 U.S.C. § 9703, the following property is forfeited to the United States, specifically the Department of Treasury Forfeiture Fund:

    a. A sum of money in the amount of $969,175 which represents the proceeds of Count One, which sum shall constitute a monetary judgment against the defendant in favor of the United States.

2. The United States, through its agent - U.S. Customs and Border Protection or other authorized agency of the Department of Homeland Security, may seize and take possession of the above-described property.



3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this Order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of their alleged interest in the property.

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this Order shall become the *final* order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

_____10/22/15_____  
Date

_____  
Raymond A. Jackson  
United States District Judge  
United States District Judge

The parties stipulate and agree that the aforementioned $969,175 constitutes property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the crime charged in Count One, a violation of 18 U.S.C. § 542, and is subject to forfeiture to the United States, pursuant to 18 U.S.C. §§ 981(a)(2)(A), 982(a)(2)(B) and 28 U.S.C. § 2461(c).

The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the Judgment.

The defendant stipulated and warrants that it has the control and authority to legally bind its subsidiaries and affiliated companies have no, and shall make no, claim to the forfeited property.



ON BEHALF OF THE UNITED STATES:

John C. Cruden
Assistant Attorney General of the Environment
and Natural Resources Division

By: _____
Patrick M. Duggan, Trial Attorney
Christopher L. Hale, Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

Dana J. Boente
United States Attorney
Eastern District of Virginia

By: _____
Stephen W. Haynie
Assistant United States Attorney
Eastern District of Virginia

Defendant's Signature: I hold the title of Chief Compliance and Legal Officer at the defendant corporation, and I am the authorized representative of the defendant corporation.

Date: Oct. 7 2015 _____
Jill Witter
Corporate Representative for
Lumber Liquidators, Inc.

Defense Counsel Signature:

Date: Oct. 7 2015 _____
Patrick R. Hanes, Williams Mullen, PC
Charles E. James, Jr., Williams Mullen, PC
Andrew O. Mathews, Williams Mullen, PC
Bruce A. Baird, Covington & Burling, LLP
Counsel for the Defendant